UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(22)(JRT/LIB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VELVET ILENE JOHNSON,

    Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Velvet Ilene Johnson. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 37 months of imprisonment followed by a term of three years of supervised release.

## INTRODUCTION

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.) The defendant was apprehended on May 27, 2015. Subsequently, on October 27, 2015, the defendant pled guilty to Count 1 – Conspiracy to

Distribute and possession with Intent to Distribute Heroin and other controlled substances – as alleged in the Indictment. The defendant was released from custody on November 19, 2015, and has remained on conditional release with no known violations.

I.      Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley. According to information provided by community members and through investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation. Further, Beasley was using local community members to assist him in the distribution of controlled substances. A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation. Inside the residence, officers located several of the defendant's co-conspirators and approximately 1300 grams of heroin. All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement learned that the conspiracy extended not only to the Red Lake Indian Reservation, but also to the White Earth Indian Reservation and other Native American communities in North Dakota. A wire investigation was commenced in early March 2015. Beginning in late March 2015, law enforcement intercepted telephone calls between Beasley and the defendant. Law enforcement later conducted surveillance in Detroit Lakes, Minnesota, and observed the defendant in the company of several charged co-conspirators, including Beasley. Based

on the intercepted telephone calls and surveillance, law enforcement identified the defendant as a courier whom was involved in the Beasley Drug Trafficking Organization ("DTO"). The defendant became involved in the DTO to assist in transporting heroin from Detroit, Michigan, to the District of Minnesota, specifically to the community surrounding the White Earth Indian Reservation. Specifically, on or about April 1 and 2, 2015, the defendant transported between 60 and 80 grams of heroin to the District of Minnesota in a two-vehicle caravan from Detroit, Michigan. The defendant admitted that she received money in exchange for her services. The defendant's role in the DTO was limited. Based on the investigation, the defendant only transported heroin on one occasion for Beasley and his DTO.

II.     Prior Criminal History

As outlined in the Presentence Report prepared in this matter, the defendant is no stranger to the criminal justice system. Based on the defendant's prior convictions, the defendant has twelve criminal history points (Criminal History Category V) for the following prior theft-related convictions:

| Date of Conviction | Conviction | Court of Conviction | Sentence |
|---|---|---|---|
| March 7, 1997 | Steal/Retain Financial Transaction Device without Consent – Habitual Criminal; Obtaining Money under False Pretenses over $100 | 16th Circuit Court, Mt. Clemens, Michigan | 2 to 7.5 years' custody (paroled on 7/10/2007) |
| May 24, 2006 | Uttering and Publishing – Habitual Offender (Felony) | 3rd Circuit Court, Detroit, Michigan | 1 to 20 years' custody (paroled on 7/1/2007) |

| May 5, 2008 | Forgery – Habitual Offender; Identity Theft – Habitual Offender | 6th Circuit Court, Pontiac, Michigan | 2 to 30 years' imprisonment |
| January 26, 2009 | Financial Transaction Device – Illegal Sale/Use; Financial Transaction Device – Steal/Retain | 22nd Circuit Court, Ann Arbor, Michigan | 1 to 4 years' custody |

In addition to the prior convictions used to calculate the defendant's criminal history category, the defendant has 12 additional theft-related felony convictions and 3 additional theft-related misdemeanor convictions. The defendant regularly and repeatedly committed theft or identity-based offenses between 1991 and 2008. It would appear that when the defendant was not in prison or jail, the defendant was committing a new offense. The defendant's remaining sentences were ultimately discharged on September 8, 2012. Based on her record, it does not appear that the defendant committed any new offenses between 2012 and April 2015.

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Heroin and other controlled substances. The PSR correctly determined that the adjusted offense level for possessing with intent to distribute 60 to 80 grams of heroin is 20. (PSR ¶ 97.) Further, just as the parties had stipulated, the PSR appropriately determined that the defendant is entitled to a two level reduction for her minor role in the conspiracy. (PSR ¶ 102.) The PSR provided that the defendant is entitled to a 3-level adjustment for

4

acceptance of responsibility. (PSR ¶¶ 106-107.) Finally, the PSR correctly concluded that the defendant's criminal history category is V. (PSR ¶ 132.)

Based on the Probation Office's guidelines calculations, the PSR concluded that the defendant's Guidelines range for Conspiracy to Distribute and Possession with Intent to Distribute Heroin and other controlled substances is 37 to 46 months of imprisonment. (PSR ¶ 163.) And, for the reasons outlined in the next section, the government respectfully requests that the Court impose a sentence of 37 months' imprisonment for possessing with intent to distribute between 60 and 80 grams of heroin for the Beasley DTO on or about April 1, 2015.

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). In this case, considering all of the sentencing factors, the government respectfully submits that a sentence of 37 months' imprisonment is appropriate for the

defendant. Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.     <u>Nature and Circumstances of the Offense</u>

Here, the defendant has agreed that she voluntarily transported between 60 and 80 grams of heroin for the Beasley DTO on or about April 1, 2015. To put the amount in perspective, heroin is typically sold for $75-$100 a gram in northern Minnesota. At times, heroin is sold for an even greater amount. Thus, conservatively, the defendant transported at least $5,000-$6,000 in heroin from Detroit, Michigan, to a state where she had never been – all in exchange to make some money.

Neither the District of Minnesota nor the area surrounding the White Earth Indian Reservation was the defendant's home. In fact, the defendant had never been to Minnesota prior to April 2015. Nonetheless, the defendant voluntarily agreed to transport heroin from Detroit to the District of Minnesota for the Beasley DTO in exchange for money. At the time of the defendant's actions, the defendant had no concern about her role in continuing to poison the District of Minnesota and its Native American communities with the influx of heroin.

The government has agreed that the defendant played a minor role in the Beasley DTO. However, the defendant still contributed to a significant epidemic of substance abuse, specifically heroin and opioid abuse in Indian Country. Thus, based upon the nature and circumstances of the offense, a sentence of 37 months' imprisonment is a fair and just sentence.

II.     History and Characteristics of the Defendant

By the defendant's own report, the defendant is not addicted to any controlled substances, including heroin. The defendant had just met Beasley in the weeks prior to April 1, 2015, when she agreed to travel hundreds of miles to transport heroin. Although the defendant vacillates back and forth between accepting responsibility and shifting blame, the defendant has no excuse for voluntarily transporting heroin to the District of Minnesota. Rather, the defendant's actions were part of a continuing scheme to make money at the hands of others. Just like the defendant's 16 felony convictions before, the defendant sought to obtain quick cash by "helping" a friend.

Based on the defendant's history of violating laws, court orders, and terms of probation and a lack of explanation for her criminality, a sentence within the calculated Guidelines range is warranted. Further, when the defendant's role is compared with other co-conspirators, a sentence of 37 months' imprisonment is fair and just.

III.    A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct. Here, a sentence of 37 months' imprisonment balances all these societal and personal factors.

Without thought or consideration of others, the defendant enabled and contributed to the epidemic of heroin and opioid substance abuse in Native American communities in the District of Minnesota.  There is no secret about the chemical dependency struggles in Native American communities throughout the United States.  There is no secret about the outside influences that bring drugs to the reservation and impact individual community members and the community as a whole.  This defendant assisted in transporting heroin to a state and community to was foreign to her.  To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for her actions.  Further, there must be an adequate sentence in hopes of deterring others that bring drugs and negative influences to infect an entire community, whether that community is their community or not.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 37 months' imprisonment is a sufficient, but not greater than necessary, sentence.

## **SENTENCING ISSUES**

In her position with respect to sentencing, the defendant moved for a variance pursuant to 18 U.S.C. § 3553(a).  The defendant claims that she should receive probation based on the factors set forth in § 3553(a).  The government opposes the defendant's variance request. The defendant's role in the offense has been considered and accounted for in the Sentencing Guidelines calculations.  Further, the defendant's prior criminal history and abysmal record of violating court orders, in conjunction with the nature and circumstances of the offense, mitigate against a term of just a little more than 5 months'

imprisonment followed by supervised release.  Accordingly, the government respectfully requests that the Court deny the defendant's motion for a variance.

## CONCLUSION

The government respectfully requests that the Court impose a sentence of 37 months' imprisonment followed by a term of three years of supervised release.  This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated: August 22, 2016                                  Respectfully Submitted,

                                                                      ANDREW M. LUGER
                                                                      United States Attorney

                                                                      *s/Deidre Y. Aanstad*

                                                                      BY:  DEIDRE Y. AANSTAD
                                                                      Assistant U.S. Attorney
                                                                      Attorney ID No. 0331788