# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 15-165(22) (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| VELVET ILENE JOHNSON, | |
| Defendant. | |

Deidre Y. Aanstad, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Velvet Ilene Johnson, Reg. No. 51051-039, Federal Prison Camp-Alderson, Glen Ray Road, Box A, Alderson, WV 24910, *pro se.*

Defendant Velvet Ilene Johnson pled guilty to one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. (Plea Agreement ¶ 1, Oct. 27, 2015, Docket No. 942.) She was sentenced on August 23, 2016, to twenty-two months' incarceration. (Sentencing J. at 1-2, Aug. 29, 2016, Docket No. 1654.) Initially, Johnson began serving her sentence in Alderson, West Virginia at the Federal Prison Camp ("FPC Alderson"), and she was located at FPC Alderson at the time she filed the instant motion. According to the BOP inmate locator system, she has since been transferred to the Federal Medical Center-Caswell in Fort Worth, Texas, for medical treatment.

Johnson filed a motion pursuant to 28 U.S.C. § 2255 on April 28, 2017, alleging she received improper medical care at FPC Alderson for her diabetes and was required to perform tasks that worsened her foot condition and caused her pain and suffering. (*See* Pro Se Mot. to Vacate Under 28 U.S.C. § 2255 ("§ 2255 Mot.") at 4-8, Apr. 28, 2017, Docket No. 2274; *see also* Pro Se Reply, June 6, 2017, Docket No. 2355.) Johnson also challenges the designation of FPC Alderson as the setting for the serving of her sentence. (§ 2255 Mot. at 5.) In addition, she has filed complaints with the Bureau of Prisons ("BOP") about her medical care and handicap inaccessibility at the prison camp, which she claims have led to retaliation by the staff of FPC Alderson. (*Id.* at 6-7.) Johnson requests that in light of this mistreatment, the Court grant either (a) a split sentence with the remaining sentence to be served in home confinement, (b) a sentence reduction with immediate release, or (c) compassionate release because of her medical issues. (*Id.* at 12.) Because Johnson's claims are not cognizable claims under § 2255, the Court will deny the instant motion.

In addition, the United States filed a motion to seal a document detailing Johnson's medical treatment in prison, which the Court will grant.

## I. COGNIZABILITY OF JOHNSON'S CLAIMS UNDER § 2255

Section 2255(a) permits a prisoner to move the court that sentenced her to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack." Jurisdiction is proper in the sentencing court. *Lee v. United States*, 501 F.2d 494, 499 n.6 (8th Cir. 1974). Subject matter jurisdiction under § 2255 requires a challenge to the imposition of the sentence; challenges beyond that limited scope are not cognizable under the statute. *Lee*, 501 F.2d at 500 (explaining that "[2255] established subject matter jurisdiction for the enumerated claims in the statute, which relate to the legality of the sentence," and this subject matter jurisdiction does not extend to "the execution of petitioner's sentences"); *see also Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995) ("[Defendant] is not contending that his conviction was illegal, he is only contesting the execution of his sentence. This type of claim is not cognizable under section 2255."). Because Johnson's claims do not relate to the Court's imposition of a sentence, but rather challenge the conditions of her confinement, her claims are not cognizable under § 2255.

Johnson's allegations of constitutionally inadequate medical treatment may be appropriate for a civil rights lawsuit for damages filed against prison officials in the jurisdiction encompassing the prison. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action is an "implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Prison officials have a duty under the Eighth Amendment to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Jurisdiction for a *Bivens* action based on Johnson's allegations of poor treatment at FPC Alderson would likely be appropriate in the Southern District of West Virginia – the

district where FPC Alderson is located. If Johnson elects to file a *Bivens* lawsuit, she will be subject to the requirements of the Prison Litigation Reform Act ("PLRA"). Under the PLRA, before filing a civil rights complaint, a prisoner must exhaust all available administrative remedies, 42 U.S.C. § 1997e(a), and pay the full $350.00 filing fee either up front or installments over time, 28 U.S.C. § 1915(b). Additionally, the PLRA contains a three strikes provision, under which there is a "strike" for each lawsuit or appeal filed that is dismissed because it is frivolous, malicious, or does not state a proper claim. § 1915(g). In denying this motion, the Court does not adjudicate the merits of Johnson's underlying constitutional claims, which may be appropriate for a *Bivens* action if Johnson so chooses.[1]

## II. THE COURT MAY NOT GRANT THE RELIEF JOHNSON SEEKS

In addition to the fact that her claims are not cognizable under § 2255, the Court also lacks authority to grant the requested relief. Johnson requests a sentence reduction or modification allowing for immediate compassionate release or a split sentence, with her remaining time spent in home confinement due to her medical condition.

Under 18 U.S.C. § 3582, a court "may not modify a term of imprisonment once it has been imposed" except as provided by statute. 18 U.S.C. § 3582(c). As relevant to

---

[1] The Eighth Circuit has recognized that there may be circumstances in which a *pro se* motion may be construed as a *Bivens* action. *See Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014) (converting a federal prisoner's habeas petition challenging conditions of confinement to a *Bivens* action); *see also id.* ("We construe [petitioner's] pro se petition liberally. Here, an appropriate construction would be to recharacterize [petitioner's] claim into the correct procedural vehicle for the claim asserted."). Here, Johnson has not requested the relief that would be available to her under a *Bivens* action – money damages; Johnson's apparent goal in filing the instant motion was to achieve a reduction or modification of her sentence. Therefore, the Court declines to construe Johnson's motion as a *Bivens* complaint.

Johnson's case, § 3582(c) allows for modification of a sentence upon motion of the Director of the BOP when "extraordinary and compelling reasons warrant such a reduction."[2] *Id.* The BOP has not filed any motion to modify Johnson's sentence, and Rule 35 is clearly inapplicable. Therefore, even though the Court finds factual Johnson's allegations compelling, the Court has no power to grant the relief that Johnson requests without a motion from the BOP.

In a letter dated June 14, 2017, Johnson informed the Court that FMC Carswell personnel indicated that they would allow Johnson to finish her sentence on home confinement if the Court so orders or recommends. (Pro Se Letter to District Judge, June 20, 2017, Docket No. 2362.) As noted above, the Court may not enter such an order without first receiving a motion from the BOP. § 3582(c). If the Court receives such a motion, then it will swiftly issue a ruling.

## III.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d

---

[2] The statute also allows for a sentence reduction in certain other circumstances not present in this case, including (1) upon motion from the BOP for defendants over age seventy in certain circumstances; (2) in some cases when the applicable sentencing guidelines changed after sentencing, and (3) when expressly permitted by Fed. R. Civ. P. 35. § 3582(c).

878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court finds it unlikely that another court would decide the issues raised in Johnson's motion differently and the issues are not debatable or deserving of further proceedings. The Court therefore concludes that Johnson has failed to make the required substantial showing of the denial of a constitutional right and will deny a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Velvet Johnson's Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 2274] is **DENIED**.

2. The United States' Motion [Docket No. 2337] to Seal [Docket No. 2336] is **GRANTED**.

3. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(2) the issues raised in Johnson's motion

**IT IS FURTHER HEREBY ORDERED** that the Clerk of Court is **DIRECTED** to mail a copy of this order to Velvet Ilene Johnson, Reg. No. 51051-039, Federal Medical Center-Caswell, 3000 I Street, Fort Worth, TX 76127.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 10, 2017            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
                                                Chief Judge
                                     United States District Court